# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:17-CV-01480-MWF (SK) | Date | May 7, 2018 |
|---|---|---|---|
| Title | Anthony L. Smiler, Jr. v. Shawn Hatton, Warden | | |

Present: The Honorable  Steve Kim, U.S. Magistrate Judge

| Connie Lee | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: TIMELINESS**

Petitioner filed a federal habeas petition in July 2017 seeking to overturn his 2001 California state conviction for second-degree felony murder. (ECF No. 1). But the Petition was over 13 years late, so the Court ordered Petitioner to show cause why the Petition should not be dismissed as untimely. (ECF No. 4). Petitioner argued that a new limitations period started in June 2015 when the U.S. Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 5). The Court rejected this argument in an order dismissing the Petition as untimely and denying Petitioner's request for a stay. (ECF No. 7). The Ninth Circuit, however, subsequently vacated the Court's judgment on unrelated procedural grounds under *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017), and remanded this case for further proceedings. But as explained in the Court's prior orders, the Petition remains untimely unless Petitioner can show that he is entitled to delayed commencement of the limitations period or equitable tolling. *See* 28 U.S.C. § 2244(d)(1). And as also explained in those orders, Petitioner's previous arguments for timeliness will not suffice.

To reiterate, the Supreme Court's decision in *Johnson* invalidated as vague the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a federal statute; it had nothing to say about California Penal Code § 189, the state law under which Petitioner was convicted. Thus, *Johnson* does not make the Petition timely. *See* 28 U.S.C. § 2244(d)(1). And because federal habeas courts are limited to correcting constitutional errors based on clearly-established U.S. Supreme Court precedent at the time of the state court decision, *Johnson* provides no basis for federal habeas relief even if the Petition were timely. *See White v. Woodall*, 134 S. Ct. 1697, 1706 (2014). For the same reason, a California state court decision invalidating § 189 based on *Johnson* would also not provide a basis for a new limitations period or substantive federal habeas relief. *See Hedlund v. Ryan*, 854 F.3d 557, 565 (9th Cir. 2017) ("[T]he only definitive source of clearly established federal law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision."). Thus, a response to this Order based on these same arguments will not demonstrate the timeliness of the Petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-CV-01480-MWF (SK) | Date | May 7, 2018 |
|---|---|---|---|
| Title | Anthony L. Smiler, Jr. v. Shawn Hatton, Warden | | |

    Accordingly, Petitioner is ordered to show cause **on or before June 6, 2018**, why the Petition should not be dismissed as untimely. **If Petitioner does not file a timely response to this Order to Show Cause, Petitioner is advised that the Court will recommend that the Petition be dismissed for failure to prosecute and untimeliness.** *See* Fed. R. Civ. P 41(b); L.R. 41-1. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a) by filing the attached "Notice of Voluntary Dismissal."